

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# Kehres v. PA Unemployment

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5226

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kehres v. PA Unemployment" (2006). *2006 Decisions.* Paper 972.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/972

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-194                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5226
_____

DEBRA KEHRES

Appellant,

v.

PA UNEMPLOYMENT COMPENSATION BOARD OF REVIEW;
STEPHEN M. SCHMERIN, Secretary,
PA Dept. of Labor & Industry
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-2932 )
District Judge: Honorable Mary A. McLaughlin
_____

Submitted for Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 20, 2006

BEFORE: FUENTES, VAN ANTWERPEN and [1]ROTH,  CIRCUIT JUDGES

(Filed:  June 1, 2006)

_____

OPINION
_____

PER CURIAM

_____

[1]Honorable Jane R. Roth assumed senior status on May 31, 2006.

Debra Kehres appeals from the District Court's order, entered October 28, 2005, denying her motion for leave to amend and a motion for the District Court to review a state case. Because the District Court's disposition of these motions was correct, we will summarily affirm.

On June 12, 2002, Kehres had a hearing before the Pennsylvania Unemployment Compensation Board of Review (Board) regarding her claim for unemployment compensation. At the conclusion of the hearing, the Board ruled against Kehres and in favor of her former employer, Tri-Valley Pharmacy. The Board's order was affirmed on appeal.

On June 23, 2005, Kehres filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that the Board and Stephen M. Schmerin, Secretary of the Pennsylvania Department of Labor and Industry (Schmerin), violated her Fourteenth Amendment right to due process. For relief, Kehres sought, inter alia, damages and unemployment compensation. On August 16, 2005, the District Court granted the defendants' motion to dismiss the complaint based largely on Eleventh Amendment immunity. After the District Court's dismissal, Kehres filed a motion to amend the complaint, a motion for reconsideration, and a motion for appointment of an attorney. These motions were denied. Kehres then filed a motion for leave to supplement a reply, which was denied. Thereafter, Kehres filed a motion for reconsideration, which was denied. Finally, Kehres filed another motion for leave to amend complaint and a motion for the District Court to review the state case. These motions were denied in the order

2

filed on October 27, 2005. Kehres timely filed her notice of appeal.[2]

We review a district court's denial of a motion for leave to amend a complaint for abuse of discretion. See Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005). Among some factors that may justify denial of leave to amend are undue delay, bad faith, and futility. See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Here, the District Court did not abuse its discretion by denying Kehres' latest motion to amend. After the District Court entered a final judgment against her, Kehres filed one motion to amend (along with other motions). After that motion was denied, Kehres filed a second post-judgment motion to amend. In the second post-judgment motion, Kehres sought leave to add the very same defendants she sought to add in her first post-judgment motion. It was certainly no abuse of discretion for the District Court to deny Kehres' duplicative motion to amend. See id.

Further, the District Court did not abuse its discretion in denying Kehres' motion to review the state case. The Rooker-Feldman doctrine[3] applies where a case is "brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and

---

[2] Kehres' notice of appeal is timely only as to the District Court's order entered on October 28, 2005. Kehres did not file a timely notice of appeal from the District Court's original dismissal order entered on August 17, 2005. See Fed. R. App. P. 4(a)(1)(A), (a)(4)(A).

[3] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

3

rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 125 S.Ct. 1517, 1521-22 (2005). Granting Kehres' motion to review the state case would allow her to use the federal courts to appeal a state court judgment and, thus, would run afoul of the <u>Rooker-Feldman</u> doctrine.

For the foregoing reasons, we conclude that no substantial question is presented in this appeal. We, therefore, will affirm the District Court's judgment pursuant to I.O.P. 10.6.